**UNITED STATES of America, Plaintiff,**

v.

**Alfredo CABRERA–ORTIGOZA, Defendants.**

**CRIM. No. 96CR0856 (AJB).**

United States District Court, S.D. California.

Sept. 25, 2000.

---

AUSA William Smith, for Plaintiff.

Mark Windsor, San Diego, CA, for Defendant.

ORDER OVERRULING DEFENDANT'S OBJECTION TO THE GOVERNMENT'S PROCEEDING BY PROFFER AND DEFENDANT'S MOTION FOR WITNESS STATEMENTS

BATTAGLIA, United States Magistrate Judge.

Defendant is charged with Bank Fraud, 18 U.S.C. § 1344. The Defendant made his first appearance in Court pursuant to Federal Rule of Criminal Procedure 5 on September 5, 2000. At the first appearance, the Government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A). A hearing was set for September 8, 2000 and continued twice at Defendant's request to September 15, 2000.

At the initial detention hearing, the Government indicated its intent to proceed by proffer to demonstrate that the Defendant presented a flight risk and that there were no conditions or combinations of conditions that would reasonably assure the appearance

of the Defendant for further proceedings in the case.

The Defendant objected to the Government's use of a proffer citing the 1993 Amendment to Federal Rule of Criminal Procedure 46(i) which incorporates the provisions of Federal Rule of Criminal Procedure 26.2. Defendant argued specifically that since Rule 46(i) provides for the provision of witness statements at a detention hearing, then the use of a proffer has been abrogated. Further, defendant argued that no case since the 1993 Amendments to Rule 46(i) has held that the government may still proceed by proffer in light of the wording of Rule 46(i). Finally, Defendant requested that the statements of the government witnesses be produced pursuant to Rules 26.2 and 46(i), respectively. Based upon the following, the Court denies Defendant's motion.[1]

### DISCUSSION

Defendant raises three key issues: (1) the entitlement of the Government to proceed by proffer at a detention hearing in light of the 1993 Amendments to Federal Rules of Criminal Procedure 26.2 and 46(i), respectively; (2) the requirement for the Government to produce live witnesses at the Defendants request; and (3) the Defendant's entitlement to witness statements where the Government proceeds by proffer.

### 1. USE OF PROFFERS AT DETENTION HEARINGS

■ Although the Bail Reform Act of 1984 specifically permits a defendant to proceed by way of proffer, it does not specifically say that the government may do so. However, the case law and legislative history of the Bail Reform Act clearly support that the government can indeed proceed in this manner. *United States v. Acevedo–Ramos*, 755 F.2d 203 (1st Cir.1985).

The procedural requirements for the pretrial detention hearing are set forth in section 3142(f), as part of the Bail Reform Act of 1984. The Bail Reform Act is based on provisions of a District of Columbia statute

(D.C.Code §§ 23–1322(c)(3)). These procedures have withstood constitutional challenges. *United States v. Edwards*, 430 A.2d 1321 (D.C.1981) (*en banc*), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982) (Eighth Amendment and Sixth Amendment); *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (procedural and substantive due process challenges under the Fifth Amendment). In *Salerno*, the Supreme Court found that the extensive procedural safeguards of the Bail Reform Act were sufficient to withstand the procedural due process challenge. The court also rejected the substantive due process argument in referring to the legislative history, and the formulation by Congress of detention provisions, not as punishment, but a solution to the pressing societal problem of crimes committed by persons on release. The *Salerno* court also rejected an Eighth Amendment challenge.

The *Edwards* case and the District of Columbia statute were before the U.S. Senate when they promulgated the Bail Reform Act of 1984, and the current section 3142(f). S.Rep. No. 225, 98th Cong., at 1st Sess. at 22 (1983), reprinted in 1984 U.S.C.C.A.N. at 25 (Supp.9(a)). Congress had passed the District of Columbia statute in its legislative role for the District of Columbia. In enacting the law concerning detention proceedings in the District of Columbia, Congress noted that if the trial court was dissatisfied with the nature of the proffer, it could always, within its discretion, insist on direct testimony. But discretion should be left to the court without imposing the burden of limiting admissibility to that it would permit a jury to hear. H.R. Rep. No. 91–907, 91st Cong., 2d Sess. 182, 184 (1970). The House of Representatives specifically anticipated that "as to the present practice under the Bail Reform Act, . . . the use of sworn testimony will be the exception and not the rule." *Id.* at 182. The court's discretion was reflected in the insertion of the words "or otherwise" in the current statutory provision. *Id.* Above all, the hearing provided for in the Bail Reform Act

---

1. Following full hearing, bail was set for the defendant following the Court's finding that the Government had not made its burden of a clear preponderance of evidence that Defendant was, in fact, a serious risk of flight. (18 U.S.C. § 3142(f)(2)(A).)

is "not designed to afford defendants a discovery device. Discovery is to be obtained pursuant to the rules." Federal Rules of Criminal Procedure, *Id.* at 183.

Congress has continued the theme of expeditious, less formal and more summary resolutions of many issues in related legislation. For instance, Rule 1101(d) of the Federal Rules of Evidence excludes bail hearings from application of the evidence rules. Rule 1101(d) also gives similar treatment to preliminary examinations, sentencing, and hearings before granting and revoking probation as well as others.

The circuit courts that have interpreted 18 U.S.C. § 3142(f) have uniformly made it clear that the government may proceed by proffer at a detention hearing under the Bail Reform Act of 1984. *See United States v. Smith,* 79 F.3d 1208, 1210 (D.C.Cir.1996) ("Every circuit to have considered the matter ... [has] permitted the government to proceed by way of proffer"); *United States v. Gaviria,* 828 F.2d 667, 669 (11th Cir.1987); *United States v. Winsor,* 785 F.2d 755, 756 (9th Cir.1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay"); *United States v. Acevedo–Ramos,* 755 F.2d 203, 208 (1st Cir.1985), ("Bail hearings under the Bail Reform Act ... proceed primarily by way of proffers"); *United States v. Ward,* 63 F.Supp.2d 1203, 1210 (C.D.Ca.1999), ("Consequently, both the government and the defendant may proceed by proffer or hearsay"). A trial court could certainly require the government to present live testimony in lieu of proceeding by proffer. However, there is no requirement of live testimony by the government at a detention hearing.

■ Despite Defendant's argument to the contrary, the Amendments to Rules 26.2 and 46(i), respectively, do not invalidate the use of proffers at a detention hearing. The purpose of these amendments was to extend the requirement to produce a witness's statement after testimony on direct examination to proceedings other than trial. Specifically included in this are detention hearings. The

Rule says nothing more than this, and there is no suggestion in the Committee Notes to these rules that the procedure for a detention hearing is altered in this regard. Certainly, if the Supreme Court had intended to eliminate proffers from use in detention hearings, they would have provided so specifically in the rules.[2] Clearly, where a witness testifies, then the witness's statements must be produced.

### 2. WHEN IS AN APPEARANCE OF GOVERNMENT WITNESSES REQUIRED?

■ In a detention hearing, the magistrate judge determines the weight of the proffer or whether other information, evidence or testimony is warranted. *United States v. Acevedo–Ramos,* 755 F.2d 203, 208 (1st Cir.1985). The judicial officer presiding at the detention hearing is vested with discretion whether to allow defense counsel to call adverse witnesses. *Gaviria,* 828 F.2d at 669. "The defense may not call witnesses who ordinarily would be expected to testify for the government at trial, unless they can proffer to the court *in reasonable detail* how they expect that testimony to negate substantial probability." *Edwards,* 430 A.2d at 1334 (emphasis added). The accused has no right to cross-examine adverse witnesses who have not been called to testify. *United States v. Delker,* 757 F.2d 1390 (3rd Cir. 1985). The defendant does not have the right to choose whether to proceed "by proffer or otherwise" *Id.* The Bail Reform Act of 1984 (18 U.S.C. 3142, *et seq.*) did not change preexisting law which allowed a judge to consider hearsay evidence when it was sufficiently reliable. *Acevedo–Ramos,* 755 F.2d at 207. Without a proffer from the defendant that the government's proffered information is incorrect, the magistrate judge is not required to allow the defendant to cross-examine the investigators and police officers. *Winsor,* 785 F.2d at 755.

The requirement of a counter proffer contemplates an offer or a tender of what other witnesses would say, "in reasonable detail"

---

**2.** The Supreme Court prescribes rules of procedure under the Rules Enabling Act, pursuant to 28 U.S.C. § 2071, *et seq.* Prior to enactment, there is a required submission of the rules to Congress, and absent an action by Congress, the Rules take effect.

(*Edwards*, 430 A.2d at 1334), calling into question the reliability or correctness of the government's proffer. This goes beyond a blanket "denial" or "objection" by the defense of the government's proffer or the more obscure requests that the issue can not be addressed without cross examination and/or discovery. Simply stated, absent something credible to challenge the reliability or the correctness of the government's proffer, the Court need not compel live witnesses to testify. Ultimately, the bail/detention decision is always subject to review or modification when more information comes to light. See, 18 U.S.C. §§ 3142(c)(B)(3) and (F)(2)(B).

In this case, the Government did not proffer the testimony of any of its witnesses. As a result, no counter-proffer was tendered for the Court's consideration regarding this issue. As set forth hereinafter, production of witnesses' statements is not triggered by a proffer, but only by the testimony of a witness.

### 3. *WITNESS STATEMENTS UNDER FED. R. CRIM. P. 26.2*

In the 1993 amendments of Fed.R.Crim.P. 26.2, subdivision (g) was added extending the application of Rule 26.2, and the requirement to produce a witnesses statement after testimony on direct exam, to proceedings other than trial. Included in these were detention hearings. Fed.R.Crim.P. 26.2(g)(3). This was incorporated by reference in Fed. R.Crim.P. 46(i).

Where the Government calls a witness to support its case for detention, Rule 26.2(g) clearly applies, and the witnesses statements relating to subject matter concerning which the witness has testified should be produced. The Advisory Committee notes to Rule 26.2 clearly indicate that "the amendment to Rule 26.2 and the other designated rules is not intended to require production of witnesses statements before the witness actually testifies." By the clear reading of the statute, statements become subject to production "after a witness ... has testified on direct examination". The Advisory Committee note to Rule 26.2, for the 1993 Amendment, adds further support to this interpretation.

When new subdivision (g) was added, the primary focus was to extend Rule 26.2 to adversary type hearings dependent upon accurate and reliable information prior to trial. The most mentioned proceeding in this regard was suppression hearings. The Committee cited several reasons why Rule 26.2 should be extended to these other proceedings, including detention hearings. These reasons include: (1) that the production of witness statements would enhance the ability of the Court to assess credibility and thus make accurate factual determinations at hearings; (2) that witnesses testifying at pretrial adversary hearings may not testify at the trial itself, and waiting until the trial for production would be futile; and, (3) recognition that certain issues could not practically be delayed until trial.

All these considerations, revolve around a testamentary aspect of a proceeding. Under Rule 603 of the Federal Rules of Evidence, testimony requires, as a predicate, that the witness be required to declare a willingness to testify truthfully by oath or affirmation. This requires a personal appearance, which by definition, excludes the proffer. While no case law seems to have addressed the issue squarely, the entire body of case law establishing the basis for the Government to proceed by proffer in lieu of live testimony lends further support in this regard.

The Bail Reform Act of 1984 was a response to "the alarming problem of crimes committed by persons on release," S.Rep. No. 98–225, p. 3 (1983), U.S.Code Cong. & Admin. News 1984, pp. 3182, 3185. The Act represented the legislature's response to numerous perceived deficiencies in the federal bail process. *U.S. v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The legislature balanced those considerations with the individual's strong interest in liberty, and reconciled those competing interests with the expedited resolution and procedural safeguards of the Act. The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early discovery expedition further facili-

tates those goals. Discovery is provided at the appropriate time and in the manner provided for in the Federal Rules and relevant statutes.

### 4. *CONCLUSION*

As indicated, the Government is entitled to proceed by proffer under these circumstances. In addition, the defense may not call witnesses who ordinarily would be expected to testify for the trial for the Government, unless they can proffer to the Court in reasonable detail how they expect that testimony to negate substantial probability. Finally, the accused has no right to cross-examine adverse witnesses who have not been called to testify. Defendant's Motion for the statements of the Government's witnesses is *denied*, and Defendant's objection to the Government proceeding by proffer in this hearing is *overruled.*

IT IS SO ORDERED.