**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John David WARD, Defendant— Appellant.**

**No. 05–50515.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007 *.

Filed June 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Carmen R. Luege, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kyle Gee, Esq., Henrikson & Gee, Oakland, CA, for Defendant–Appellant.

Before: TROTT, ROTH **, RAWLINSON and, Circuit Judges.

## MEMORANDUM ***

Defendant John Ward appeals his conviction of drug trafficking and money laundering offenses. He claims that the District Court committed error by (1) not suppressing the evidence derived from the wiretap of a cellular phone registered to Ward because the government had failed to show the wiretap was necessary, (2) denying Ward's request for a *Franks* hearing related to the affidavit supporting the request for the same wiretap, and (3) refusing to dismiss the indictment on the ground that one of the statutes under which Ward was charged, 21 U.S.C. § 841, is facially unconstitutional. We disagree.

Because the parties are familiar with the facts, we refer to them only as necessary.

---

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I. Necessity

■ Ward argues that the wiretap affidavit failed to satisfy the "necessity" requirement of 18 U.S.C. § 2518 because it did not show that the government had sufficiently exhausted the available non-intrusive investigative techniques.

A district court should not grant a wiretap application unless officers have first unsuccessfully attempted traditional investigative methods that "easily suggest themselves and are potentially productive and not unduly dangerous." *United States v. Ippolito,* 774 F.2d 1482, 1486 (9th Cir. 1985). The necessity requirement, however, is not intended to make the employment of a wiretap into an investigative tool of last resort. *United States v. Smith,* 893 F.2d 1573, 1582 (9th Cir.1990). Law enforcement is not required to exhaust every possible investigative technique before resorting to wiretapping, but to ensure that in the usual case wiretapping is not used as the first meaningful step in the investigation. *United States v. Gonzalez, Inc.,* 412 F.3d 1102, 1113 (9th Cir.2005).

Here, the affidavit supporting the wiretap application reported that over the course of four months the investigators relied on two separate confidential informants; obtained pen register, trap and trace, and toll records; consensually monitored and recorded phone calls; made spot checks of Ward's home; and traced license plates of vehicles observed there. They had to discontinue surveillance because it appeared both ineffective and dangerous, as Ward lived in a cul-de-sac in a gated community and had shown his willingness to employ risky countersurveillance maneuvers. Searches were also thought to be ineffective since the searches conducted at Ward's residence and workplace during an earlier, separate investigation had not produced valuable evidence. Trash searches inside the gated community were

difficult. Grand jury subpoenas of confidential sources would not uncover any more than was already known, and interviews with the suspects were unlikely to produce reliable information. For these reasons, we conclude that the affidavit documented a sufficient effort by the government to utilize available non-intrusive investigative techniques. The District Court did not abuse its discretion in refusing to suppress the evidence obtained through the wiretap.

## II. *Franks* Hearing

■ Ward contends the District Court should have held a hearing to determine the veracity of the wiretap affidavit under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). He argues the government intentionally or recklessly failed to make a sufficient disclosure of the serious credibility problems plaguing the investigation's main confidential informant. Because we find that the additional information not included in the affidavit was not material, we do not need to decide whether the omission was reckless or intentional.

To obtain a *Franks* hearing, a defendant must make "a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a wiretap, and (2) material to the district court's finding of necessity." *United States v. Shryock,* 342 F.3d 948, 977 (9th Cir.2003) (citation omitted). Affirmative falsehoods as well as "omissions of facts that tend to mislead" can be grounds for a challenge. *United States v. Stanert,* 762 F.2d 775, 781 (9th Cir.1985). A misstatement or omission is not material if it "would have no effect" on the district court's decision to order the wiretap, *Ippolito,* 774 F.2d at 1486, *i.e.,* if "upon review of [the] application, purged of its misstatements, a rea-

sonable issuing judge would find that the application nonetheless conforms to the requirements of §§ 2518(1)(c) and (3)(c)." *United States v. Blackmon*, 273 F.3d 1204, 1209 (9th Cir.2001). *See also United States v. Carneiro*, 861 F.2d 1171, 1181 (1988) (a wiretap fails to satisfy the necessity requirement if, had the "material omissions and misstatements ... been revealed, a reasonable district court judge could have denied the wiretap application for lack of necessity").

The affidavit in this case contained an entire separate section on the informant's credibility. It revealed that the informant had a drug-related criminal record, that questions as to his reliability had been raised by an Assistant U.S. Attorney in the Central District of California, and that he had been less than "candid" during a change of plea hearing. It went on to conclude, however, that the investigators in this case believed the informant to be reliable because he had furnished accurate and useful information in recent drug-related investigations.

The information that was allegedly withheld from the District Court—further details about the informant's varied criminal history, the existence of improper dealings between the informant and one of his "handlers" at the FBI, and the strength of the AUSA's feelings about Ward's lack of credibility—was not substantially different from what was included. The affidavit clearly indicated that the informant's statements should be taken with a grain of salt and took pains to relate the significant corroborating evidence collected by investigators. Even had all the additional information raising questions about the informant's credibility been included in the affidavit, a reasonable district judge would still have granted the wiretap application. Thus, the omissions were not material and

the District Court did not err in refusing to grant a *Franks* hearing.

### III. Constitutionality of 21 U.S. § 841

As Ward acknowledges, his challenge to the constitutionality of 21 U.S.C. § 841 has already been rejected by this Court's decision in *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc) (holding that the penalty provisions of 21 U.S.C. § 841, which establish higher sentences for certain threshold drug quantities, do not require that drug quantity be determined by a judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, and thus are not facially violative of the due process clause under *Apprendi*). The District Court did not err in denying Ward's motion to dismiss the indictment on this ground.

**AFFIRMED.**