**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1787-16T6

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AMED INGRAM,

    Defendant-Appellant.

_____

| |
|---|
| APPROVED FOR PUBLICATION |
| March 1, 2017 |
| APPELLATE DIVISION |

Argued February 14, 2017 — Decided March 1, 2017

Before Judges Messano, Espinosa and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. W-2017-000005-0408.

Joseph E. Krakora, Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Margaret M. Butler, Assistant Deputy Public Defender, of counsel and on the brief).

Linda A. Shashoua, Assistant Prosecutor, argued the cause for respondent (Mary Eva Colalillo, Camden County Prosecutor, attorney; Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

Claudia Joy Demitro, Deputy Attorney General, argued the cause for amicus curiae Office of the Attorney General (Christopher S. Porrino, Attorney General, attorney; Ms. Demitro, on the brief).

Alexander Shalom argued the cause for amicus curiae American Civil Liberties Union of New

Jersey (American Civil Liberties Union of New Jersey, attorneys; Mr. Shalom, Edward L. Barocas and Jeanne LoCicero, on the brief).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

Defendant Amed Ingram appeals from the Law Division's January 5, 2017, order granting the State's motion to detain defendant pre-trial pursuant to the Bail Reform Act, N.J.S.A. 2A:162-15 to -26 (the Act). Defendant was arrested in Camden on January 1, 2017, and charged in a complaint-warrant with: second-degree illegal possession of a handgun, N.J.S.A. 2C:39-5(b)(1); second-degree possession of a firearm with intent to use it unlawfully, N.J.S.A. 2C:39-4(a)(1); second-degree possession of a firearm by certain persons previously-convicted, N.J.S.A. 2C:39-7(b)(1); and fourth-degree receipt of a defaced firearm, N.J.S.A. 2C:39-9(e). The affidavit of probable cause supporting the complaint-warrant stated that defendant was found to be in possession of a defaced handgun and had previously been convicted of possession of a controlled dangerous substance (CDS) on school property, in violation of N.J.S.A. 2C:35-7.[1]

_____

[1] The record reveals that defendant had two prior convictions for distributing, dispensing or possessing with intent to distribute CDS within one-thousand feet of school property. N.J.S.A. 2C:35-7(a).

At the pre-trial detention hearing on January 5, 2017, the prosecutor submitted the complaint-warrant, the affidavit of probable cause, the Public Safety Assessment (PSA),[2] the Preliminary Law Enforcement Incident Report (PLEIR)[3] and defendant's criminal history. During an earlier hearing regarding a different defendant, defense counsel had lodged an objection to the State's proffer of only documentary evidence, which she renewed and incorporated by reference at defendant's hearing.[4] Judge Edward J. McBride overruled the objection and admitted the documents in evidence.

Collectively, the complaint-warrant, affidavit of probable cause and PLEIR stated defendant was in possession of a defaced

---

[2] The Act required the Administrative Director of the Courts (the Director) to "establish and maintain a Statewide Pretrial Services Program which shall provide pretrial services to effectuate the [Act's] purposes[.]" N.J.S.A. 2A:162-25(a). Among other responsibilities, the Pretrial Services Program (PSP) must "conduct a risk assessment on [an] eligible defendant for the purpose of making recommendations to the court concerning an appropriate pretrial release decision," utilizing "a risk assessment instrument approved by the . . . Director" that meets certain criteria. N.J.S.A. 2A:162-25(b) and (c). The PSA was the approved risk assessment instrument. See Admin. Office of the Courts, "New Jersey Judiciary Pretrial Services Manual," at 16 (Dec. 27, 2016).

[3] Our colleagues described in detail the genesis and intended purpose of the PLEIR in State v. Robinson, ___ N.J. Super. ___, ___ n.2 (App. Div.) (slip op. at 3), leave to appeal granted, ___ N.J. ___ (2017).

[4] The transcript of the prior proceeding is part of the appellate record.

Hi-Point model JHP .45 caliber handgun loaded with eight rounds, the officer who swore out the complaint-warrant and another officer "personally observed the offense[s]," the weapon had been discharged and the gun and spent shell casings were "seized/recovered." Relying on these documents, Judge McBride concluded the State established probable cause that defendant committed the crimes charged in the complaint-warrant.

In further support of the detention motion, the prosecutor relied primarily on the PSA, which rated defendant's risk for both failing to appear (FTA), and new criminal activity (NCA), as six, the highest score on the PSA. The PSA, however, did not include a "flag" highlighting a risk of new violent criminal activity (NVCA). The PSA revealed defendant, who was twenty-five years old, had an extensive criminal record and a history of failing to appear. Defendant had a pending charge of simple assault, N.J.S.A. 2C:12-1(a)(1), as well as five prior indictable convictions, some of which resulted in incarceration. He was on probation and had failed to appear in court five times in the past. Release was not recommended, and if defendant were released, it should be conditioned upon home detention with electronic monitoring.

Defense counsel argued defendant was a lifelong county resident, currently resided with his aunt, had a six-month old

child whom he saw on a daily basis, was employed for the last four or five months and had previously been employed elsewhere. She urged Judge McBride to release defendant with the highest level of monitoring, including electronic monitoring.

Judge McBride concluded the recommendation of Pretrial Services was "prima facie evidence sufficient to overcome by clear and convincing evidence the presumption of release." See R. 3:4A(b)(5). He also considered: the nature and circumstances of the offense, noting the weapons offenses were punishable under the Graves Act, N.J.S.A. 2C:43-6(c), and conviction of the certain persons offense carried a minimum five year period of incarceration; the weight of the State's evidence, including the officers' personal observations; defendant's serious criminal record, including a juvenile delinquency adjudication for a serious offense; and defendant's current status as a probationer.[5] Judge McBride found by clear and convincing evidence that "no amount of monetary bail, non-monetary conditions or combination" of both "would reasonably assure[] defendant's appearance in court when required [and/or] the protection of the safety of any other person or the

---

[5] The prosecutor offered a document that detailed defendant's New Jersey criminal history, which apparently included defendant's history of juvenile delinquency adjudications. The document is not in the record, and the PSA does not include juvenile adjudications.

community." See N.J.S.A. 2A:162-19(e)(3). The order granting the State's detention motion comprehensively reflects Judge McBride's findings and conclusions.

Defendant filed this appeal as of right. N.J.S.A. 2A:162-18(c); R. 2:9-13(a). Thereafter, we granted motions filed by the Attorney General and the American Civil Liberties Union (ACLU) to appear as amici.

As he did before Judge McBride, defendant argues that permitting the State to establish probable cause at the detention hearing solely by proffer, without calling "live witnesses" or presenting "live testimony," violates due process and the Act. At oral argument before us, defendant further contended that the witness must have some personal knowledge of the case, so there is an opportunity for meaningful cross-examination. Defendant also argues the State failed to meet its burden of proof justifying pretrial detention. The ACLU submits that permitting the State to prove probable cause and grounds for detention solely by proffer violates a defendant's right to due process.

To the contrary, the State argues that proceeding by proffer violates neither defendant's due process rights nor the Act, and that, in this case, Judge McBride properly "exercised [his] discretion" and found the State met its burden of proof.

The Attorney General submits that proceeding by proffer at pre-trial detention hearings does not violate the Act or a defendant's due process rights.

Having considered these arguments, in light of the record and applicable legal standards, we affirm.

I.

Except as necessary to resolve the issues before us, we need not detail the legislative history of the Act, or its underlying public policy goals, which our colleagues so capably explained in Robinson, supra, ___ N.J. Super. at ___ (slip op. at 7-17). The Act permits a prosecutor to seek pretrial detention of a defendant arrested for certain enumerated crimes or offenses, including Graves Act crimes, N.J.S.A. 2A:162-19(a)(5), or for "any other crime for which the prosecutor believes there is a serious risk that" the defendant will "not appear in court as required," "pose a danger to any other person or the community," or "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror" (collectively, grounds for detention), N.J.S.A. 2A:162-19(a)(7)(a)-(c).

If the court "finds probable cause that the eligible defendant" committed murder or a crime potentially punishable by

life imprisonment, then "there shall be a rebuttable presumption that the eligible defendant shall be detained pending trial," and the defendant can rebut that presumption by a preponderance of evidence. N.J.S.A. 2A:162-19(b) and (e)(2). For other crimes, or where a defendant successfully rebuts the presumption of detention, the prosecutor must establish grounds for detention by clear and convincing evidence. N.J.S.A. 2A:162-19(e)(3).

The Act provides that "[i]n pretrial detention proceedings for which there is no indictment, the prosecutor shall establish probable cause that the eligible defendant committed the predicate offense." N.J.S.A. 2A:162-19(e)(2). Upon a finding of probable cause, the judge must answer the critical question: "whether any amount of monetary bail or non-monetary conditions or combination of monetary bail and conditions" would "reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process." N.J.S.A. 2A:162-19(c).

At the detention hearing, a defendant has a right to be represented by counsel and "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who

appear at the hearing, and to present information by proffer or otherwise." N.J.S.A. 2A:162-19(e)(1). The rules of evidence do not apply, N.J.S.A. 2A:162-19(e)(1), and "[t]he hearing may be reopened" prior to trial "if the court finds . . . information exists" that "has a material bearing" on its decision regarding grounds for detention, N.J.S.A. 2A:162-19(f).

### A.

Citing the United States and New Jersey Constitutions, defendant argues due process "mandates" the State present "a live witness at the preventive detention hearing." Relying largely on the reasoning of federal courts, which have consistently permitted the government to proceed by proffer under the analogous federal statutory scheme, and our own jurisprudence predating the Act, we disagree.

The United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Our Supreme Court has explained, "Article I, paragraph 1 of the New Jersey Constitution does not enumerate the right to due process, but protects against injustice and, to that extent, protects 'values like those encompassed by the principle[] of due process.'" Doe v. Poritz, 142 N.J. 1, 99 (1995) (alteration in original) (quoting Greenberg v. Kimmelman, 99 N.J. 552, 568 (1985)). "Due

process is 'a flexible [concept] that depends on the particular circumstances.'" H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (alteration in original) (quoting Doe, supra, 142 N.J. at 106).

In examining a procedural due process claim, we first "assess whether a liberty or property interest has been interfered with by the State," and then determine "whether the procedures attendant upon that deprivation are constitutionally sufficient." Doe, supra, 142 N.J. at 99. Since pre-trial detention clearly implicates defendant's liberty interest, we focus only on whether the procedures defined or otherwise implied by the Act are sufficient.

In Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), the United States Supreme Court considered "whether a person arrested and held for trial under a prosecutor's information is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty." Id. at 105, 95 S. Ct. at 858, 43 L. Ed. 2d at 60. Recognizing that detention could "imperil the suspect's job, interrupt his source of income, and impair his family relationships," the Court held that "the detached judgment of a neutral magistrate is essential" if the constitutional guarantee of due process "is to furnish meaningful protection from unfounded interference with liberty." Id. at 114, 95 S. Ct. at

863, 43 L. Ed. 2d at 65. Accordingly, the Court held that due process "requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Ibid.

However, the Gerstein Court rejected the contention that procedures for determining probable cause "must be accompanied by the full panoply of adversary safeguards," including the rights to counsel and to confront, cross-examine, and subpoena witnesses. Id. at 119, 95 S. Ct. at 866, 43 L. Ed. 2d at 68. The Court explained:

> These adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard — probable cause to believe the suspect has committed a crime — traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof.
>
> [Id. at 120, 95 S. Ct. at 866, 43 L. Ed. 2d at 69 (emphasis added).]

Additionally, the Gerstein Court "recognize[d] the desirability of flexibility and experimentation by the States" in developing appropriate pretrial procedures, and held that "[w]hatever procedure a State may adopt, it must provide a fair

and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." Id. at 124-25, 95 S. Ct. at 868-69, 43 L. Ed. 2d at 71-72. "[J]udicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." Cty. of Riverside v. McLaughlin, 500 U.S. 44, 56, 111 S. Ct. 1661, 1670, 114 L. Ed. 2d 49, 63 (1991).

Our jurisprudence recognizes that a timely judicial determination of probable cause must accompany any significant deprivation of an individual's liberty. See State v. Gonzalez, 114 N.J. 592, 604 (1989) (noting where a suspect "is to be detained for any significant amount of time," a determination of probable cause is "of constitutional dimension" (citing Gerstein, supra, 420 U.S. at 114, 95 S. Ct. at 863, 43 L. Ed. 2d at 65)). Historically, our court rules have delineated a process that passes constitutional muster.

Rule 3:3-1(a)(1) permits the issuance of an arrest warrant only upon a finding of probable cause made by a judicial officer. When a person is arrested without a warrant, Rule 3:4-1(b) requires that the complaint-warrant (CDR-2) must be presented to a judicial officer within twelve hours to determine

whether process shall issue in accordance with Rule 3:3-1. In State v. Tucker, 137 N.J. 259, 271 (1994), the Court concluded prior iterations of these rules provided the necessary constitutional guarantees required by Gerstein and McLaughlin, i.e., a timely judicial determination of probable cause in order to detain. See also Pressler & Verniero, Current N.J. Court Rules, comment on R. 3:4-1 (2017).

Rule 3:4-2(c)(8) provides that at the first appearance, the judge must "inform the defendant of his or her right to have a hearing as to probable cause and of his or her right to indictment by the grand jury and trial by jury." Rule 3:4-3(a) provides, in pertinent part:

> If the defendant does not waive a hearing as to probable cause and if before the hearing an indictment has not been returned against the defendant . . . , after notice to the county prosecutor a judge of the Superior Court shall hear the evidence offered by the State within a reasonable time and the defendant may cross-examine witnesses offered by the State. If, from the evidence, it appears to the court that there is probable cause to believe that an offense has been committed and the defendant has committed it, the court shall forthwith bind the defendant over to await final determination of the cause; otherwise, the court shall discharge the defendant from custody if the defendant is detained.

These procedures are "[i]n keeping with" Gerstein's holding that "a defendant may not be retained in custody in the absence of

probable cause."  Pressler & Verniero, supra, comment on R.
3:4-3.

There are some obvious parallels between probable cause
hearings held pursuant to Rule 3:4-3(a), and the Act's
requirement that, absent specific circumstances not applicable
here, the State must establish probable cause at a pretrial
detention hearing.  Both hearings occur after arrest but before
indictment, and the return of an indictment obviates the need
for any judicial determination of probable cause.  Also, the
rules of evidence do not apply in either proceeding, and the
defendant has the right to representation and cross-examination
in both.  The Act provides the defendant with the additional
opportunity to present evidence.  N.J.S.A. 2A:162-19(e)(1).[6]

However, "[t]he probable cause hearing provided for by
[Rule 3:4-3(a)] is neither a constitutionally guaranteed stage
nor an essential component of the prosecution, and may, in any
case, be superseded by the grand jury's prior return of an
indictment."  Pressler & Verniero, supra, comment on R. 3:4-3;

---

[6] Defendants have no right to present evidence at a hearing held
pursuant to Rule 3:4-3(a).  In re State ex rel. A.D., 212 N.J.
200, 218-19 (2012).  Because the issue is not before us, we
specifically do not consider the nature and scope of a
defendant's ability at a pretrial detention hearing "to present
witnesses . . . and to present information by proffer or
otherwise."  N.J.S.A. 2A:162-19(e)(1).

see also <u>State v. Smith</u>, 32 <u>N.J.</u> 501, 536 (1960) ("The right [to a preliminary hearing] was not known at the common law and is not a constitutional requirement." (citations omitted)), <u>cert. denied</u>, 364 <u>U.S.</u> 936, 81 <u>S. Ct.</u> 383, 5 <u>L. Ed.</u> 2d 367 (1961); <u>State v. Mitchell</u>, 164 <u>N.J. Super.</u> 198, 201 (App. Div. 1978) ("A preliminary hearing is not an essential part of criminal procedures.").[7]

---

[7] A noted commentator has observed that, as a practical matter, a probable cause hearing under <u>Rule</u> 3:4-3 "rarely occurs." Leonard N. Arnold, <u>New Jersey Practice Series, Criminal Practice and Procedure</u>, Vol. 31, § 9:1 (2016-17 Ed.). Rather, "[i]t has become common for defendants to waive the probable cause hearing because defense counsel believe that the expanded rules of pre-trial discovery provide the defense with the same information that might be obtained at the probable cause hearing." <u>Id.</u> at § 9:4. Moreover, a probable cause hearing will not occur if an indictment is returned before the scheduled date. <u>Id.</u> at § 9.2, § 9.4; <u>R.</u> 3:4-3(a).

In 1971, the Supreme Court's Special Committee on Calendar Control — Criminal, recommended a number of procedural changes, including elimination of the probable cause hearing provided by <u>Rule</u> 3:4-3. <u>New Jersey Law Journal</u>, "Report of Supreme Court's Special Committee on Calendar Control — Criminal," 94 <u>N.J.L.J.</u> Index Page 185 (1971).

> The experience of judges and prosecutors as well as defense counsel indicates that under present practice the probable cause hearing in the municipal court held pursuant to <u>Rule</u> 3:4-3 serves principally as a means of discovery, for which ample provision is made under <u>Rule</u> 3:13-3 . . . . The small percentage [of cases where no probable cause is found] hardly warrants perpetuation of a practice which in essence duplicates the function of the Grand Jury . . . .

(continued)

A-1787-16T6

Moreover, in implementing the Act, the Court adopted a comprehensive rule specifically codifying procedures governing pre-trial detention motions filed by the prosecutor. <u>Rule</u> 3:4A(b)(2) requires that, at the hearing on the prosecutor's motion and in the absence of an indictment, "the prosecutor shall establish probable cause that the defendant committed the predicate offense." However, the new <u>Rule</u> does not incorporate <u>Rule</u> 3:4-3(a) by reference or otherwise.

Our court rules clearly permit the State to establish probable cause, ex parte before a judicial officer, by merely presenting "the complaint or an accompanying affidavit or deposition." <u>R.</u> 3:3-1(a); <u>R.</u> 3:4-1(b). Our rules do not specify and neither party has brought to our attention any New Jersey precedent that holds how the State <u>must</u> proceed in establishing probable cause, whether at a <u>Rule</u> 3:4-3(a) hearing, <u>Rule</u> 3:4A hearing or otherwise, in order to satisfy the federal and State constitutions. Our case law, however, implies that, even when significant liberty interests are at stake, the State

(continued)

    [<u>Ibid.</u>]

The committee's recommendation was not adopted, and the <u>Rule</u>, which has been amended several times since, has remained essentially unchanged.

is not required to produce live witnesses to establish probable cause.

For example, in In re J.G., 151 N.J. 565, 592 (1997), the Court held that, before a court can order HIV testing of a defendant or juvenile pursuant to N.J.S.A. 2C:43-2.2, it must find probable cause that the victim was exposed to the assailant's bodily fluids and there was a possibility that the AIDS virus had been transmitted.[8]  The Court explained:

> Evidence sufficient to support a finding of probable cause can be gleaned from numerous sources, including sworn statements of the victim, the offender, law enforcement officers or other witnesses, the evidence presented in seeking an arrest warrant for the offender, the findings of the judicial officer who determined that there was probable cause to issue the arrest warrant, the evidence presented at a probable cause hearing held pursuant to Rule 3:4-3, testimony before the grand jury, the indictment returned against the offender by the grand jury, and any evidence presented at the trial of the offender for the alleged sexual assault against the victim.  We anticipate that in most cases, an order requiring testing will issue forthwith upon an application from the prosecutor on notice to the offender.
>
> If the evidence is not sufficient, the court may, in its discretion, hold a hearing to afford the State the opportunity to demonstrate that probable cause exists.  The

---

[8]  Importantly, N.J.S.A. 2C:43-2.2 only requires that the defendant or juvenile be "charged" with, not convicted of, specific offenses.

> hearing should be similar to a preliminary hearing under Rule 3:4-3 in that both the offender and the State must be given notice, the offender may cross-examine witnesses offered by the State, the rules of evidence shall not apply, and the offender shall be entitled to counsel.
>
> [Ibid. (emphasis added) (internal citations omitted).]

We have held that an initial temporary commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38, must be on notice and subject to a judicial finding of probable cause. In re Commitment of M.G., 331 N.J. Super. 365, 383 (App. Div. 2000). However, particularly since the commitment was subject to a later hearing, we held that due process was satisfied by a "probable cause hearing . . . [which] shall be limited to an inquiry as to whether the documentation provided to the judge satisfies the statutory requirements for commitment." Id. at 383-84 (emphasis added).

The Act provides limited guidance regarding the procedures the court must employ at a pretrial detention hearing. However, the similarity between the Act's procedures, and those established in the federal Bail Reform Act of 1984, 18 U.S.C.A.

§ 3141 to § 3150 (the Federal Act), suggest the New Jersey Legislature intended our process to be similar.[9]

Indeed, the limited legislative history surrounding passage of the Act supports this conclusion. For example, at the Senate Law and Public Safety Committee (SLPSC) public hearing regarding Senate Concurrent Resolution 128 (SCR-128), which "[p]ropose[d] constitutional amendment to authorize, under certain circumstances, pre-trial detention of persons in criminal cases," Senator Donald Norcross, Chair of the SLPSC, noted that SCR-128 "makes much needed changes to our State's bail system." Pub. Hearing Before Senate Law and Pub. Safety Comm., Senate Concurrent Resol. 128, at 1 (July 24, 2014).[10] Senator Norcross stated:

> It is time that we give our justice system the ability to weigh the public risk certain offenses pose to keep residents safe when considering bail of dangerous criminals. More to the point, this measure would bring New Jersey in line with the Federal courts, which has allowed [sic] judges this discretion since 1984.
>
> [Id. at 2 (emphasis added).]

---

[9] We recognize that in this part of the opinion, we deal with "constitutional adjudication" and not statutory interpretation, something we discuss more fully below. State v. Pomianek, 221 N.J. 66, 88 n.8 (2015).

[10] The hearing transcript may be found at http://www.njleg.state.nj.us/legislativepub/pubhear/slp07242014.pdf

The Federal Act permits the government to seek pretrial detention of a defendant arrested for certain enumerated crimes, or "in a case that involves" either "a serious risk that such person will flee," or "a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C.A. § 3142(f)(2). A judicial officer must hold a hearing to determine whether conditions other than detention "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(f). At the pretrial detention hearing, a defendant has a right to be represented by counsel and "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." Ibid. The rules of evidence do not apply, and "[t]he hearing may be reopened" prior to trial "if the court finds that information exists" that "has a material bearing" on its decision. Ibid. Like the Act, the Federal Act expressly provides that a defendant may "present information by proffer or otherwise," but is silent as to whether the government may do likewise. 18 U.S.C.A. § 3142(f); N.J.S.A. 2A:162-19(e)(1).

Both statutes create a rebuttable presumption in favor of detention for certain enumerated crimes. 18 U.S.C.A. § 3142(e)(3); N.J.S.A. 2A:162-19(b). However, the Federal Act applies this rebuttable presumption to a broader range of crimes than the Act, including certain serious drug crimes, violent crimes involving a firearm, and many offenses involving a minor victim. 18 U.S.C.A. § 3142(e)(3). Also, unlike the Act, the Federal Act requires the government to establish probable cause only in those instances when the rebuttable presumption arises. Ibid.

In United States v. Salerno, 481 U.S. 739, 751, 107 S. Ct. 2095, 2103, 95 L. Ed. 2d 697, 711 (1987), the United States Supreme Court upheld the constitutionality of the Federal Act and concluded that its procedures did not violate a defendant's due process rights. The Court noted that the procedural protections provided "extensive safeguards" that "far exceed what we found necessary to effect limited postarrest detention in [Gerstein]." Id. at 752, 107 S. Ct. at 2104, 95 L. Ed. 2d at 712.

In United States v. Gaviria, 828 F.2d 667 (11th Cir. 1987), the Eleventh Circuit specifically considered whether the Federal Act allowed the government to proceed by proffer at a pretrial detention hearing. Id. at 669. The court held that even though

the statute was silent on the issue, the government as well as the defense could proceed by proffer. Ibid. The Gaviria court noted that the Federal Act's procedural requirements were based on a District of Columbia statute, which was held to be constitutional in United States v. Edwards, 430 A.2d 1321 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1022, 102 S. Ct. 1721, 72 L. Ed. 2d 141 (1982). Ibid.

The Edwards court noted "the same liberty interest of the individual — to be free from pretrial detention — is involved in a pretrial detention hearing and a Gerstein hearing on probable cause." Edwards, supra, 430 A.2d at 1337. Although "pretrial detention is not punishment, it clearly implicates a liberty interest that requires a fair hearing within the mandates of procedural due process." Id. at 1333-34.

Considering statutory language that, like the Act and the Federal Act, expressly permitted the defendant "to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise," but was silent as to the nature of the government's evidence, the Edwards court held that "[t]he information presented to the judicial officer by either the government or the defense may be by proffer and 'need not conform to the rules pertaining to the admissibility of evidence in a court of law.'" Id. at 1334

A-1787-16T6

(emphasis added) (quoting D.C. Code 1973, § 23-1322(c)(5)). The court stated "[t]he legislative history of the statute confirms Congress' intent that the information upon which the judicial officer makes his finding need not be sworn testimony, and that the hearing is not designed to afford defendants a discovery device." Ibid. (citing H.R. REP. NO. 91-907, 91st Cong., 2d Sess. 182, 184 (1970)).

Relying on Edwards and the legislative history of the Federal Act, the Gaviria court held that "the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing." Gaviria, supra, 828 F.2d at 669. Other circuits considering the issue have reached the same conclusion. See United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("We join our sister circuits in holding that the [Federal] Act allows [the government to proceed by proffer]."); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (noting that "Congress did not want detention hearings to resemble mini-trials" and that "the government as well as the defendant should usually be able to proceed by some type of proffer"); United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay.").

Federal district courts considering the issue have also followed the reasoning in Gaviria and permitted the government to proceed by proffer. See United States v. Whitman, 514 F. Supp. 2d 101, 102 n.1 (D. Me. 2007) (rejecting the defendant's argument that only he had a right to submit evidence at the detention hearing by proffer); United States v. Cabrera-Ortigoza, 196 F.R.D. 571, 574 (S.D. Cal. 2000) (noting "there is no requirement of live testimony by the government at a detention hearing" and holding that amendments to the federal rules requiring the production of witness statements "do not invalidate the use of proffers at a detention hearing"); United States v. Ward, 63 F. Supp. 2d 1203, 1210 (C.D. Cal. 1999) (noting that "both the Government and the defendant may proceed by proffer or hearsay" at a pretrial detention hearing), aff'd, 237 Fed. Appx. 289 (9th Cir. 2007); United States v. Alston, 899 F. Supp. 1, 3 n.3 (D.D.C. 1995) (judicial officer has discretion to permit the government to proceed by proffer); United States v. Alonso, 832 F. Supp. 503, 505 (D. Puerto Rico 1993) (same).

As the overwhelming amount of federal precedent demonstrates, pretrial detention is constitutionally permissible upon a prompt judicial determination of probable cause as required by Gerstein. Permitting the government to establish

24

probable cause by proffer and hearsay is consistent with the Federal Act and does not violate due process.

At oral argument, defendant sought to distinguish these federal precedents by arguing the Federal Act requires the government to establish probable cause only in those cases where a rebuttable presumption of detention arises. 18 U.S.C.A. 3142(e)(3). He asserts that in many of the cited cases, the government had already indicted the defendant, or the case involved a crime for which the rebuttable presumption did not apply, and therefore probable cause was not at issue. In other words, the courts permitted the government to proceed by proffer only as to grounds for detention but not as to probable cause. Defendant cites United States v. Suppa, 799 F.2d 115, 118 (3d Cir. 1986), in which the court remarked in dicta that it had a "grave question whether the required finding of probable cause may be based on a proffer of evidence by the government."

However, in Suppa, the court specifically never reached the issue, ibid., and we found no other case expressing such reservations. In United States v. Delker, 757 F.2d 1390, 1396-98 (3d Cir. 1985), the court expressly rejected the defendant's argument that "hearsay may not be employed to demonstrate that appellant committed the crime with which he is charged." Moreover, in Edwards, the seminal case upon which most of the

circuit and district courts rely, the hearing occurred before indictment, and the defendant _was charged_ with crimes that required a judicial finding of probable cause. <u>Edwards</u>, <u>supra</u>, 430 <u>A.</u>2d at 1324-25. Yet, the court did not distinguish the nature of the evidence admitted to prove probable cause from that admissible to prove other factors supporting detention.

Defendant argues that our courts have cautioned against reliance on hearsay in other proceedings involving deprivation of liberty interests, for example, commitment hearings under the SVPA and probation violation hearings. <u>In re Commitment of E.S.T.</u>, 371 <u>N.J. Super.</u> 562, 575 (App. Div. 2004) (requiring examining doctors to testify at SVPA commitment hearing if available); <u>State v. Reyes</u>, 207 <u>N.J. Super.</u> 126, 138-39 (App. Div.) (permitting use of hearsay at probation revocation hearing only if "demonstrably reliable"), <u>certif. denied</u>, 103 <u>N.J.</u> 499 (1986). Defendant also points out that our Supreme Court is currently considering whether hearsay testimony alone can justify the revocation of probation. <u>See</u> <u>State v. Mosely</u>, Docket No. A-3212-14T4 (Sept. 7, 2016), <u>certif. granted</u>, ___ <u>N.J.</u> ___ (2016).[11] Defendant argues that "there is an even

---

[11] Similarly, the ACLU cites our decision in <u>State v. Bacome</u>, 440 <u>N.J. Super.</u> 228, 239 n.7 (App. Div.), <u>certif. granted</u>, 223 <u>N.J.</u> 279 (2015), which raised concerns about the use of hearsay at a suppression hearing. Since the briefs were filed, the Court
(continued)

greater rationale for mandating . . . broader protections at a hearing where the defendant has yet to be convicted of any crime."

However, at a pretrial detention hearing, the State is required to establish probable cause for defendant's arrest on the charges contained in the complaint-warrant. See State v. Brown, 205 N.J. 133, 144 (2011) ("[F]or an arrest, 'there must be probable cause to believe that a crime has been committed and that the person sought to be arrested committed the offense.'" (quoting State v. Chippero, 201 N.J. 14, 28 (2009))). "Although it is difficult to define the concept with precision, probable cause requires 'more than a mere suspicion of guilt' but less evidence than is needed to convict at trial." Ibid. (quoting State v. Basil, 202 N.J. 570, 585 (2009)). Unlike these other types of hearings cited by defendant, the detention hearing is not a final adjudication of contested facts and does not ultimately affect either defendant's trial on the merits or the punishment resulting if he is found guilty.

One other point convinces us that allowing the State to proceed by proffer at the detention hearing does not violate

---

(continued)
reversed our judgment without addressing the issue. State v. Bacome, ___ N.J. ___ (2017).

defendant's due process. Defendant concedes that, had a grand jury returned an indictment before the hearing, the State would not have needed to demonstrate probable cause for defendant's arrest. N.J.S.A. 2A:162-19(e)(2); see also A.D., supra, 212 N.J. at 218 (2012) ("[T]he standard governing a grand jury's decision whether to indict has also been characterized as one of probable cause." (citing State v. Hogan, 144 N.J. 216, 227 (1996))). Yet, our courts have long accepted that an indictment may be returned wholly on hearsay or other testimony that is neither competent nor legally admissible at trial. State v. Holsten, 223 N.J. Super. 578, 585 (App. Div. 1988) (citations omitted).

Moreover, it is beyond peradventure that the grand jury process accords a defendant none of the procedural safeguards provided by the Act. See, e.g., State v. Schmidt, 213 N.J. Super. 576, 584 (App. Div. 1986) (noting the presentation to a grand jury is not adversarial, and "consideration of the views of the defense" is not required),[12] rev'd on other grounds, 110 N.J. 258 (1988); State v. Hart, 139 N.J. Super. 565, 567-68 (App. Div. 1976) (noting grand jury proceedings are secret, with the prosecutor in attendance but without defendant or defense

---

[12] Although the prosecutor must present evidence that "directly negate[s] guilt" or is "clearly exculpatory." Hogan, supra, 144 N.J. at 235-37.

counsel present (citing R. 3:6-6(a))). No witness, including a defendant, has the right to have counsel present in grand jury proceedings. See In re Essex Cty. Grand Jury Investigation into Fire at Seton Hall Univ. in S. Orange on Jan. 19, 2000, 368 N.J. Super. 269, 291 n.9 (Law Div. 2003). In other words, probable cause may be established and a defendant detained without any of the procedural safeguards we have described as part of a detention hearing under the Act. Yet, defendant does not contend, nor could he, that a judicial determination of probable cause based on the return of an indictment before the detention hearing denies him due process.

In sum, we reject the contention that Judge McBride's decision to detain defendant without the State calling a witness to present live testimony at the hearing violated his due process rights.

B.

Defendant also argues that the Act's language evinces the Legislature's intent to require the State to produce live testimony at the hearing. He contends "familiar canons of statutory construction" lead to this conclusion. We disagree.

In construing a statute, our "goal . . . 'is to give effect to the intent of the Legislature.'" State v. Morrison, ___ N.J. ___, ___ (2016) (slip op. at 22) (quoting Maeker v. Ross, 219

N.J. 565, 575 (2014)).  We first look at the statute's language, giving the words their plain meaning and enforcing the statute as written.  State v. Grate, 220 N.J. 317, 330 (2015) (citing State v. Drury, 190 N.J. 197, 209 (2007)).  However,

> [i]f the language is ambiguous or "admits to more than one reasonable interpretation, we may look to sources outside the language to ascertain the Legislature's intent." Such extrinsic sources, in general, may include the statute's purpose, to the extent that it is known, and the relevant legislative history.
>
> [Drury, supra, 190 N.J. at 209 (quoting State v. Reiner, 180 N.J. 307, 311 (2004)).]

As noted, in several instances, the Federal Act and the Act are nearly identical.  "[W]hen sections of the federal and state acts are substantially similar in language, it is appropriate to conclude that our Legislature's 'intent in enacting the sections of the . . . Act . . . was simply to follow the federal act.'" State v. Diaz, 308 N.J. Super. 504, 510 (App. Div. 1998) (quoting State v. Fornino, 223 N.J. Super. 531, 544 (App. Div.), certif. denied, 111 N.J. 570, cert. denied, 488 U.S. 859, 109 S. Ct. 152, 102 L. Ed. 2d 123 (1988)); see also Pub. Hearing Before Senate Law and Pub. Safety Comm., supra, at 2.  Moreover, the federal precedent we cited above is both instructive and persuasive.  See State v. Ball, 141 N.J. 142, 156 (1995) (noting that state courts "heed federal legislative history and case law

in construing" New Jersey's RICO statute, which was modeled on the federal RICO statute), cert. denied, 516 U.S. 1075, 116 S. Ct. 779, 133 L. Ed. 2d 731 (1996).

Initially, defendant contends the State must call a live witness to establish probable cause but not to establish grounds for detention.[13] Indeed, the express language of the Act supports the proposition that the State may establish grounds for detention by documentary proffer alone. For example, the Legislature specifically required PSP to generate the PSA for the court's consideration in deciding whether detention was appropriate. N.J.S.A. 2A:162-25. Rule 3:4A(b)(5) expressly provides that "[t]he court may consider as prima facie evidence sufficient to overcome the presumption of release a recommendation by [PSP] . . . that the defendant's release is not recommended (i.e., a determination that 'release not recommended or if released, maximum conditions')." The Legislature permitted the judge to consider this tool in evaluating the State's proof as it relates to grounds for detention. N.J.S.A. 2A:162-20(f).

---

[13] As already noted, amicus ACLU submits live testimony is necessary to establish both probable cause and at least some of the statutory factors that might support grounds for detention, such as, for example, "[t]he nature and circumstances of the offense charged." N.J.S.A. 2A:162-20(a).

31

Additionally, in reaching a decision on the grounds for detention, the judge may consider evidence that is assuredly documentary in nature in most instances, such as a defendant's criminal history and "record concerning appearance at court proceedings." N.J.S.A. 2A:162-20(c)(1). That the State may prove grounds for detention by clear and convincing documentary evidence alone militates against defendant's claim that the State may not establish probable cause — requiring a much lesser burden of proof — without a witness.[14]

Defendant argues the Act only permits a defendant to "present information by proffer or otherwise," N.J.S.A. 2A:162-19(e)(1), implicitly signifying the State may not proceed by proffer, and had the Legislature intended to permit proof of probable cause by proffer, it could have explicitly said that. That reasoning is unpersuasive.

The Act is not only silent as to whether the State may proceed by proffer, but it is also silent as to whether the State may call witnesses, cross-examine witnesses, or "otherwise" present information to the judge, all of which the Act expressly permits a defendant to do. Ibid. We doubt the

---

[14] Similarly, the Federal Act requires the government to prove grounds for detention by clear and convincing evidence. 18 U.S.C.A. § 3142(f)(2). As explained, federal precedent clearly permits the government to proffer evidence to meet this heightened burden of proof.

Legislature's silence regarding the State's method of proving probable cause necessarily signifies its intention to either limit the type of evidence the State chooses to introduce, or require the introduction of certain evidence, i.e., the testimony of a live witness with knowledge of certain events.

Defendant also argues the Act permits him to "cross-examine witnesses who appear at the hearing," thereby implicitly compelling the State to produce a witness. We again disagree. Clearly, if the State produces a witness, defendant is free to cross-examine within the bounds set by the judge. However, the plain language of the Act imposes no such burden on the State.

We hasten to add that at the detention hearing, the judge may exercise his or her discretion and require additional proof before reaching a decision, and the judge retains the authority to insist that the State produce a witness. See, e.g., United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985) ("If the court is dissatisfied with the nature of the proffer, it can always, within its discretion, insist on direct testimony." (quoting Edwards, supra, 430 A.2d at 1334)); United States v. Sanchez, 457 F. Supp. 2d 90, 93 (D. Mass. 2006) (noting the magistrate may "require the Government to produce its percipient witnesses[] in circumstances in which the 'accuracy' of the hearsay evidence is 'in question'" (quoting Acevedo-Ramos,

supra, 755 F.2d at 207)); aff'd, 612 F.3d 1 (1st Cir. 2010), cert. denied, 562 U.S. 1052, 131 S. Ct. 621, 178 L. Ed. 2d 450 (2010); United States v. Hammond, 44 F. Supp. 2d 743, 746-47 (D. Md. 1999) (rejecting the government's proffered evidence and ordering the production of a witness), rev'd on other grounds, 229 F.3d 1144 (4th Cir. 2000).

In sum, we find no support for defendant's contention that the Act requires the State to establish probable cause by producing a witness at the hearing with sufficient personal knowledge to permit meaningful cross-examination.

### C.

Lastly, we address practical considerations that arise if the State must produce, as defendant urges, a witness with particularized knowledge at every detention hearing. The Act requires the detention hearing to take place "no later than the eligible defendant's first appearance," although the State may seek a continuance of three days if it has filed a motion seeking detention. N.J.S.A. 2A:162-19(d)(1). We take judicial notice of the filing of hundreds of detention motions throughout the state since January 1, 2017.

Before us, defendant argued that far from serving the laudable goals of expediency and judicial economy, permitting the State to proceed by proffer will make "mini-trials" more

likely, because defendants will subpoena witnesses or produce affirmative evidence to contradict the State's proffer, particularly when the affidavit of probable cause and PLEIR are extremely terse, as in this case. Rather, we rely upon the judges conducting these hearings to provide fair, just and timely determinations, using all the tools at their command.

Then-judge, now Justice, Stephen G. Breyer, writing for the court of appeals noted that permitting proffers and other hearsay under the Federal Act "rests primarily upon the need to make the bail decision quickly, at a time when neither party may have fully marshalled all the evidence in its favor." Acevedo-Ramos, supra, 755 F.2d at 206. "Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it." Ibid. However, Judge Breyer noted that the "competing demands of speed and reliability" may be satisfied through the judge's discretionary power to "selectively insist[] upon the production of the underlying evidence or evidentiary sources where their accuracy is in question." Id. at 207. In that way, the judge can proceed "without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition." Id. at 207-08.

Additionally, we note that in light of our decision in Robinson, supra, ___ N.J. ___ (slip op. at 27), the State must provide a defendant with materials relating to the "facts on which the State bases its pretrial detention application." As a result, defendants will have a significant amount of information by which to test the probable cause determination, first made at issuance of the complaint-warrant, and again put to the test at the pretrial detention hearing.

Finally, recognizing defendant's argument regarding the paucity of detail in the documents in this particular case, we caution prosecutors about reliance upon documentary proffers that provide the thinnest reeds of support for probable cause. Doing so may inhibit the State's ability to rely solely upon the proffered evidence at the hearing, thereby leading to the exercise of the judge's discretion to compel the introduction of additional evidence or otherwise deny the State's request to detain.

## II.

Defendant contends the State failed to meet its burden of proof justifying pretrial detention. In a single paragraph, defendant argues releasing him with "strict conditions," including "electronic monitoring," would have satisfied the goals of the Act, namely, assuring his appearance, protecting

36

the community and preventing him from obstructing justice. N.J.S.A. 2A:162-15. We disagree.

Although the Act provides for an appeal by right of a pretrial detention order, N.J.S.A. 2A:162-18(c), it does not specify the scope of our review. See also United States v. Perry, 788 F.2d 100, 104 (3d Cir.) (noting the lack of a standard of review in the Federal Act), cert. denied, 479 U.S. 864, 107 S. Ct. 218, 93 L. Ed. 2d 146 (1986). There is a split among the federal circuits concerning the proper standard of review. United States v. O'Brien, 895 F.2d 810, 812 (1st Cir. 1990). Some circuit courts apply de novo review to mixed questions of law and fact and legal conclusions, but review the factual findings under a clearly erroneous standard. United States v. English, 629 F.3d 311, 319 (2d Cir. 2011). Others reject the clearly erroneous standard for pretrial detention decisions and require an independent review of the release order, "giving deference to the determination of the district court." O'Brien, supra, 895 F.2d at 812-14.

The Attorney General submits an "abuse of discretion" standard is appropriate; at oral argument before us, defendant acknowledged that was most likely the appropriate standard of review. We need not resolve the question, particularly since neither party briefed the issue. We conclude that whatever

standard applies, for all the reasons stated by Judge McBride and incorporated in his order, the State proved the grounds for detention in this case by clear and convincing evidence.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1787-16T6