**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3418-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAMON PACHECO,

     Defendant-Appellant.

_____

Submitted November 29, 2023 – Decided March 5, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-12-1380.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Robert J. Carroll, of counsel; Tiffany M. Russo, Assistant Prosecutor, on the brief).

PER CURIAM

A jury convicted defendant Ramon Pacheco of aggravated manslaughter and two weapons offenses and the court imposed a fifteen-year sentence subject to the requirements of the No Early Release Act, (NERA), N.J.S.A. 2C:43-7.2. On direct appeal, we affirmed defendant's conviction and sentence, State v. Pacheco, No. A-0966-14 (App. Div. 2016), and the Supreme Court denied defendant's petition for certification, State v. Pacheco, 228 N.J. 64 (2016).

Defendant subsequently filed a pro se PCR petition. Thereafter, defendant's appointed PCR counsel submitted a brief in support of the petition. Following oral argument on the PCR petition, Judge Robert H. Hanna issued a comprehensive and well-reasoned thirty-six-page written opinion denying the PCR petition without an evidentiary hearing. Defendant appeals from the order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

I.

We previously summarized the evidence presented at defendant's trial in our decision on his direct appeal. Pacheco, No. A-0966-14, slip op. at 2-5. We again describe some of the evidence to provide context for our discussion of the issues presented on appeal.

In the early morning hours of March 21, 2011, defendant was involved in an altercation with the decedent at a nightclub. Id. at 2. Defendant assaulted the decedent with an approximately thirty-pound metal stanchion outside the nightclub and in view of witnesses, striking him "more or less at the abdomen and chest area," before fleeing the scene. Id. at 3. The victim was severely injured and pronounced dead soon after he was transported to the hospital. Ibid.

A grand jury charged defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). Id. at 2.

Thereafter, at his trial, a jury found defendant guilty of aggravated manslaughter, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. Id. at 6. Defendant was sentenced on September 11, 2014, and judgment of conviction was entered September 23, 2014. Ibid.

Following our rejection of his direct appeal and the Court's denial of his petition for certification, defendant filed a PCR petition alleging trial counsel was ineffective by failing to: move to dismiss the indictment; request an adverse inference charge as a remedy for Detective Timothy Thiel's alleged destruction of investigative notes; and present an intoxication defense. He also claimed his

appellate counsel was ineffective by failing to: argue the indictment should have been dismissed; and challenge the denial of trial counsel's motion to compel disclosure of Detective Thiel's personnel records.[1]

In its written decision following argument on the petition, the court reasoned that defendant had failed to present sufficient evidence to satisfy his burden of establishing a prima facie case of ineffective assistance of counsel under the two-pronged standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and as adopted by our Supreme Court for application under the New Jersey State Constitution in State v. Fritz, 105 N.J. 42 (1987).

In its opinion, the court addressed each of defendant's claims and found several were procedurally barred pursuant to Rule 3:22-4(a), which bars the assertion of grounds for relief in a PCR petition that were not raised in the prior

---

[1] Trial counsel moved to compel the production of Detective Thiel's personnel records. In support of the motion, trial counsel asserted there were numerous complaints made against Detective Thiel alleging he mistreated people of Hispanic descent. Trial counsel also alleged Detective Thiel had mischaracterized previous encounters with defendant. Based on these allegations, trial counsel argued it was necessary for the court to review the personnel records and release portions it deemed discoverable "in order to determine the detective's credibility" prior to a Rule 104(c) hearing. We note that the record on appeal does not include any competent evidence supporting trial counsel's claims and assertions concerning Detective Thiel.

proceedings, including the proceedings resulting in the conviction and appeals taken in those proceedings. Nonetheless, the PCR court considered and addressed each of the claims asserted on the merits.

The court determined defendant failed to sustain his burden under Strickland on his claim trial counsel was ineffective by failing to move for dismissal of the indictment on grounds the State improperly relied exclusively on the hearsay testimony of a detective before the grand jury. Relying on State v. Ingram, the PCR court noted that New Jersey courts "have long accepted that an indictment may be returned wholly on hearsay or other testimony that is neither competent nor legally admissible at trial." 449 N.J. Super. 94, 113 (App. Div.), aff'd, 230 N.J. 190 (2017). And, "the fact that Detective [Gregory] Rossi's testimony before the grand jury may have been hearsay is not [] a sufficient basis for dismissal of the indictment." Thus, the court concluded trial counsel could not be deemed ineffective by failing to make a meritless motion to dismiss the indictment.

Next, the court addressed defendant's contention trial counsel was ineffective by failing to request an adverse inference instruction as a remedy for Detective Thiel's alleged improper destruction of undisclosed notes from his investigative reports. Again, the court determined defendant failed to carry his

burden under <u>Strickland</u> because he did not identify "what notes were destroyed, nor explain the significance of any such notes and the resulting prejudice. . . ."[2]

The court also addressed defendant's argument that trial counsel was ineffective by failing to present an intoxication defense. The court rejected defendant's argument based on its determination that:

> [e]ven if trial counsel had introduced the defense of intoxication and the jury accepted such a defense, [defendant] would not have been acquitted of the lesser included offense of [a]ggravated [m]anslaughter, which has a mental state of recklessness. As a result, [defendant] fails to demonstrate that he suffered any prejudice due to trial counsel's decision not to present a defense of intoxication.

In sum, the PCR court found all defendant's claims of ineffective assistance of trial counsel to be "without merit." The court further noted that "holding an evidentiary hearing [would] not [have] aid[ed] the [c]ourt's analysis of whether [defendant] is entitled to PCR." The court entered an order denying defendant's PCR without an evidentiary hearing. This appeal followed.

Defendant presents the following points and arguments for our consideration:

---

[2] In <u>State v. W.B</u>, our Supreme Court held that "if notes of a law enforcement officer are lost or destroyed before trial, a defendant, upon request, may be entitled to an adverse inference charge molded, after conference with counsel, to the facts of the case." 205 N.J. 588, 608–09 (2011).

6

POINT I

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WITHOUT AFFORDING HIM A FULL EVIDENTIARY HEARING THAT INCLUDED TESTIMONY FROM HIS DEFENSE ATTORNEY.

A. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO DISMISS INDICTMENT.

B. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO SEEK AN ADVERSE INFERENCE JURY CHARGE.

C. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO PRESENT AN INTOXICATION DEFENSE.

POINT II

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WITHOUT AFFORDING HIM A FULL EVIDENTIARY HEARING THAT INCLUDED TESTIMONY FROM HIS APPELLATE ATTORNEY.

A. APPELLATE COUNSEL WAS INEFFECTIVE BY NOT RAISING THE ISSUE OF WHETHER THE INDICTMENT SHOULD HAVE BEEN DISMISSED.

B. APPELLATE COUNSEL WAS INEFFECTIVE BY NOT RAISING THE ISSUE OF THE TRIAL

7

COURT'S DECISION DENYING DISCLOSURE OF DETECTIVE THIEL'S PERSONNEL RECORDS.

POINT III

REVERSAL IS REQUIRED IN THIS CASE BECAUSE THE CUMULATIVE EFFECTS OF THE ERRORS AND OMISSIONS DEPRIVED THE DEFENDANT OF JUSTICE[.]

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

In our analysis of an order denying a PCR petition asserting ineffective assistance of counsel, we apply the two-part standard established in Strickland, 466 U.S. at 687, to determine whether a defendant has been deprived of the effective assistance of counsel. To satisfy the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "second, and far more difficult prong," of the Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the Strickland standard. 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim.

Strickland, 466 U.S. at 700.  "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence."  State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).  We have consistently held that PCR claims must be supported by "an affidavit or certification by defendant or by others setting forth with particularity," the facts upon which they are based.  State v. Jones, 219 N.J. 298, 312 (2014).

Defendant asserts the PCR court erred by rejecting his claims trial counsel was ineffective by failing to:  move to dismiss the indictment; request an adverse inference charge as a remedy for Detective Thiel's destruction of notes; and present an intoxication defense at trial.  He also argues the court erred by rejecting his claim appellate counsel was ineffective by failing to:  argue on appeal the indictment should have been dismissed; and challenge the denial of his motion to compel disclosure of Detective Thiel's personnel records.  Defendant further contends the court erred by denying his PCR claims without an evidentiary hearing.

In response, the State contends that defendant's claims:  "fall[] short of the showing needed to sustain a claim that he was denied effective assistance of counsel on any of his asserted PCR claims"; and are "wrong on all accounts."

The State also asserts "[a] general claim of injustice is insufficient." The State further argues defendant is not entitled to PCR on his claims that: the grand jury proceeding was defective; the trial court committed error by denying a motion to compel disclosure of confidential police personnel records; and the trial court erred by admitting defendant's statements. The State also asserts: defendant's claim that the verdict was against the weight of the evidence is not cognizable on collateral review; defendant failed to demonstrate that either trial counsel or appellate counsel was ineffective; the doctrine of cumulative error does not warrant PCR; and defendant is not entitled to an evidentiary hearing.

We first turn to the court's ruling that several of defendant's claims are procedurally barred under Rule 3:22-4(a), which bars a petitioner from presenting a claim on PCR that could have been raised at trial or on direct appeal. State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010) (citing R. 3:22-4(a)(1)-(3)). In pertinent part, the Rule provides that "[a]ny ground for relief not raised in the proceedings resulting in the conviction . . . or in any appeal taken in any such proceedings is barred from assertion" in a PCR petition unless the court finds:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

[R. 3:22-4(a)(1)-(3).]

In addressing this issue, the court reasoned that because it had determined defendant "is not entitled to PCR based on his claims of ineffective assistance of counsel, either at the trial or appellate level," "a procedural bar to these claims would not result in fundamental injustice" to defendant. The court therefore concluded that:

> in addition to failing on the merits, the following claims are procedurally barred: . . . the [i]ndictment should have been dismissed in its entirety[;] . . . the trial court erred in denying [p]etitioner's motion to compel production of the personnel records of Detective Timothy Thiel; . . . [d]efendant's statements while being transported to the police station should have been suppressed; . . . the trial court erred in denying [p]etitioner's motion for a new trial; and . . . the sentence imposed by the trial court was excessive and improper.

In his brief on appeal, defendant does not directly address the court's conclusion that the listed claims are barred under Rule 3:22-4. Instead, defendant challenges the court's underlying determination that he failed to

12

present a prima facie case of ineffective assistance of counsel on any of his claims. Stated differently, defendant's position appears to be that the court's finding Rule 3:22-4 bars the specified claims should be rejected because it is based on an incorrect conclusion he did not sustain his burden under Strickland on his assertions trial and appellate counsel were ineffective. We therefore review the PCR court's rejection of defendant's claims on the merits.

Defendant first asserts that trial counsel's failure to seek a dismissal of the indictment constitutes ineffective assistance and that the PCR court erred by finding otherwise. Relying on State v. Ferrante, the court determined that "[a]bsent misconduct or abdication by grand-jurors, the question whether evidence before a grand jury was competent or incompetent . . . is irrelevant on a motion to dismiss the indictment," 111 N.J. Super. 299, 306 (1970). Critically, the court also noted that the mere fact that "Detective Rossi's testimony before the grand jury may have been hearsay is not [] a sufficient basis for dismissal of the indictment."

We discern no error in the PCR court's analysis and determination of this issue. The court correctly determined well-established law permits grand jury presentations based solely on hearsay, and that is what occurred here. Ingram, 449 N.J. Super. at 113 (citing State v. Holsten, 223 N.J. Super. 578, 585 (App.

13

Div. 1988)).  As such, trial counsel was not ineffective by failing to make a meritless argument challenging the State's grand jury presentation conducted in accordance with well-established law.  State v. O'Neal, 190 N.J. 601, 619 (2007); State v. Worlock, 117 N.J. 596, 625 (1990).  Defendant makes no showing there was a valid basis in the law to support a motion to dismiss the indictment, and, therefore failed to sustain his burden under Strickland's first prong.  Thus, his claim trial counsel was ineffective by failing to move to dismiss the indictment fails.  See Strickland, 466 U.S. at 700 (explaining a failure to satisfy either prong of the Strickland standard requires rejection of a PCR petition).

Defendant next confusingly argues counsel was ineffective for failing to seek an adverse inference charge as a remedy for the alleged destruction of police investigative notes, which he claims would have shown Detective Thiel's alleged bias against Hispanics and could have been used to discredit Thiel at trial.  He also claims, "[t]he notes would have shown what information made it into the police investigation reports and, most importantly, what was omitted."

Critically, defendant failed to present any competent evidence there were notes taken by Detective Thiel contemporaneous with defendant's March 2011 arrest and that any such notes were then destroyed.  See Jones, 219 N.J. at 312.

Defendant also failed to present any competent evidence supporting his claim of Detective Thiel's alleged bias. Defendant therefore failed to sustain his burden of presenting evidence establishing the purported factual bases—that there were contemporaneous notes, the notes were destroyed, and there existed proof of Thiel's purported bias—upon which his claim rested concerning the purported destruction of notes, and defendant's bald assertions supporting the claim are insufficient to satisfy his burden under Strickland. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

For those reasons, the PCR court did not err in finding that counsel's actions did not fall below the "objective standard of reasonableness" discussed in Strickland, 466 U.S. at 687-88, and that defendant failed to sustain his burden under Strickland's first prong. In the absence of any competent evidence establishing defendant's counsel's performance was deficient by not requesting an adverse inference charge based on the alleged destruction of Detective Thiel's purported notes, defendant could not, and did not, affirmatively demonstrate there is a reasonable probability that but for counsel's alleged error the result of defendant's trial would have been different under Strickland's second prong. See Gideon, 244 N.J. at 550. Having not satisfied his burden of under both prongs of the Strickland standard, defendant therefore did not establish a prima facie

case of ineffective assistance of counsel on the claim. <u>Strickland</u>, 466 U.S. at 700.

Defendant next asserts the PCR court erred by rejecting his claim trial counsel was ineffective by failing to present an intoxication defense while simultaneously acknowledging that "self-induced intoxication is an imperfect defense," and "the admission of evidence of self-induced intoxication to disprove recklessness is not permitted." <u>State v. Baum</u>, 224 N.J. 147, 162 (2016). Defendant argues:

> the introduction of evidence regarding self-induced intoxication in the present case would have provided the jury with an alternative potential verdict to consider. A manslaughter conviction is a second-degree offense. N.J.S.A. 2C: 11-4(c). Had an intoxication defense been presented there was a realistic chance that the defendant would have been convicted of manslaughter, not aggravated manslaughter.

Defendant does not dispute that intoxication as a defense is inapplicable to the charge—aggravated manslaughter—for which he was convicted at trial. Rather, he speculates that "[h]ad an intoxication defense been presented, there was a realistic chance that [he] would have been convicted of manslaughter, not aggravated manslaughter." He also raises a related issue: that trial counsel failed to investigate whether an intoxication defense was viable in his case.

The PCR court extensively discussed the legal underpinnings of the defense of intoxication, stating, "[i]n general 'intoxication of the actor is not a defense unless it negates an element of the offense,'" N.J.S.A. 2C:2-8(a), and noting that "[s]elf-induced intoxication can reduce the offense of purposeful or knowing murder to manslaughter or aggravated manslaughter," State v. Mauricio, 177 N.J. 402, 418 (1990). However, we agree with the court that voluntary intoxication is not a defense to an offense based on reckless conduct, including aggravated manslaughter.

Defendant was convicted of aggravated manslaughter under N.J.S.A. 2C:11-4(a)(1), a lesser included offense to murder. To establish defendant committed the offense, the State was required to prove beyond a reasonable doubt that defendant "recklessly cause[d] death under circumstances manifesting an extreme indifference to human life." N.J.S.A. 2C:11-4(a)(1). As our Supreme Court has stated, "the admission of evidence of self-induced intoxication to disprove recklessness is not permitted." Baum, 224 N.J. at 162 (citing N.J.S.A. 2C:2-8(b)) (emphasis added). Thus, trial counsel's alleged failure to raise an intoxication defense did not constitute deficient performance under Strickland's first prong because self-induced intoxication was not a defense to the aggravated manslaughter charge against defendant. Ibid. Again,

17

trial counsel was not ineffective by failing to present a meritless defense to the charge for which defendant was convicted. See O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625.

Furthermore, based on the evidence at trial, which included testimony from several witnesses, that defendant picked up a metal stanchion post and struck the decedent about his body resulting in his death that same evening, defendant cannot establish, and has not established, there is a reasonable probability that but for counsel's alleged error in failing to present an intoxication defense, the result of the trial would have been different. Absent any such showing, defendant failed to sustain his burden under the second prong of the Strickland standard. 466 U.S. at 687-88.

We turn to defendant's claims of ineffective assistance of appellate counsel. Even though no motion to dismiss the indictment was filed by trial counsel on defendant's behalf, defendant argues appellate counsel was ineffective by failing "to appeal the issue of whether the indictment should have been dismissed . . . ." He also claims appellate counsel was ineffective by failing to challenge the denial of his motion to compel disclosure of Detective Thiel's personnel records.

We have considered both of these issues in the context of defendant's claims of ineffective assistance of trial counsel and determined they lack merit. We reach the same conclusion with respect to appellate counsel substantially for the same reasons: defendant cannot show that appellate counsel's performance was deficient or fell below the applicable standard because, as we have previously noted, "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625. Thus, appellate counsel was not ineffective by failing to challenge the validity of the indictment where defendant points to no evidence or law supporting a meritorious argument that could have been raised on appeal challenging the validity of the indictment.

Regarding defendant's claim that appellate counsel was deficient by failing to challenge the denial of his motion to compel production of Detective Thiel's personnel records in his direct appeal[3], we similarly conclude the claim lacks merit. Again, defendant's PCR petition is unsupported by any affidavits or certifications establishing the alleged "numerous complaints of mistreatment of individuals of Hispanic descent" made against Detective Thiel. Critically,

---

[3] Defendant filed a pretrial motion to compel the production of Detective Thiel's personnel records, which was denied by the court.

defendant concedes that "whether the detective's personnel file actually contained relevant information pertaining to these allegations [Detective Thiel's alleged anti-Hispanic sentiments] is not known." Thus, his claim as to appellate counsel is unavailing.

We also note that on defendant's motion to compel the production of Detective Thiel's personnel records, the trial court found defendant "failed to demonstrate a factual predicate which would make it reasonably likely that the [personnel records were] likely to contain information that could [a]ffect the detective's credibility" and further found defendant's allegation regarding complaints against Detective Thiel was "unsupported." The trial court ultimately concluded defendant "failed to shoulder his burden . . . to require an in[-]camera inspection of a police officer's personnel file." Based on a review of the record, there is no evidence that the court improperly denied the motion. Thus, again appellate counsel was not ineffective by failing to make a meritless argument on appeal. See O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625.

III.

Based on our de novo review of defendant's PCR petition, we discern no basis to conclude the PCR court erred by determining defendant failed to sustain his burden of proof under Strickland on all his claims. The court addressed each

of defendant's arguments, carefully explaining why none established a prima facie case of ineffective assistance of counsel entitling him to an evidentiary hearing, see State v. Marshall, 148 N.J. 89, 158 (1992), and that neither trial nor appellate counsel could be deemed ineffective for failing to have raised unmeritorious arguments, see Worlock, 117 N.J. at 625. Defendant's arguments also fail because he does not point to any competent evidence establishing a reasonable probability that but for trial and appellate counsel's alleged errors, the result of his trial would have been different, he would not have been convicted of aggravated manslaughter, or that his appeal would have been successful.

Finally, defendant argues the PCR court erred by denying his claims without an evidentiary hearing. The pertinent rule states:

> A defendant is entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.
>
> [R. 3:22-10(b).]

As we have explained, defendant failed to present competent evidence establishing a prima facie PCR claim, and he points to no evidence establishing

a dispute as to material facts or a need to consider matters outside the existing record. The court therefore correctly denied the petition without an evidentiary hearing. See Marshall, 148 N.J. at 158.

In addition, the court addressed the application of the procedural bar to PCR claims under Rule 3:22-4. Because we have determined that none of defendant's ineffective-assistance-of-counsel claims has merit, we need not address the application of Rule 3:22-4 as a bar to the assertion of the claims. Any remaining arguments presented on defendant's behalf that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3418-20